IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS CHRISTOPHER YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:14cv630-WKW |
| ) | (WO) |
| KARLA JONES, *et al.,* ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

After obtaining authorization under 28 U.S.C. § 2244(b)(2)(B) from the Eleventh Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2254 habeas petition, Alabama prisoner Marcus Christopher Young ("Young") filed the instant § 2254 petition. *Doc. No. 1*.[1] Young challenges his convictions in a 1996 jury trial for two counts of first-degree robbery based on newly discovered evidence.[2]

Young asserts that the first indictment lodged against him charged him with the robbery of David Hogg and an unidentified person. *See Doc. No. 2* at 1. A second indictment charged him with the robbery of Ernest Brown.[3] *Id.* According to Young, he recently discovered that Brown was the unidentified person mentioned in the first indictment. *Id*. at 2. Based on this "new

---

[1] Except where otherwise indicated, document numbers ("*Doc. No.*") are those assigned by the Clerk of Court in the instant civil action. All page references are to those assigned by CM/ECF.

[2] In the same trial, Young was also convicted of third-degree escape. He does not challenge that conviction.

[3] Throughout this Recommendation, for the sake of convenience, the two robbery indictments are referred to as the "first indictment" and the "second indictment." Young was tried on the two indictments in a single trial, and the order in which they were returned is irrelevant to his claim.

evidence," he claims his convictions violate the protection against double jeopardy because, he says, the jury twice considered the charge of robbing Brown and twice convicted him of robbing Brown. *Id.* at 1–5. He maintains he could not have discovered the factual basis for this claim earlier because the first indictment was "misleading" and did not give him adequate notice of the identity of the unnamed victim. *Doc. No. 1* at 5–6; *Doc. No. 2* at 1–5. Young argues that one of his robbery convictions must therefore be set aside.

After considering the filings by Young and the Respondents, the record of the relevant proceedings, and the applicable law, the court finds Young's § 2254 petition should be dismissed for failure to satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B).

## II. PRIOR PROCEEDINGS

In March 1996, a Houston County jury found Young guilty of two counts of first-degree robbery and one count of third-degree escape. The trial court sentenced Young to 99 years' imprisonment for each robbery conviction and a year and a day for the escape conviction, all terms to run consecutively. In March 1997, the Alabama Court of Criminal Appeals affirmed Young's convictions on direct appeal. Thereafter, in February 1998, the trial court denied Young's petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. In October 1998, the Alabama Court of Criminal Appeals affirmed that judgment.

Young filed his first federal habeas petition under 28 U.S.C. § 2254 on March 13, 2005, raising several claims, including: (1) that the robbery indictments failed to allege all the elements of first-degree robbery under § 13A-8-41, Ala. Code 1975, and thus the trial court lacked jurisdiction; (2) that there was insufficient evidence to sustain his robbery convictions; (3) that his robbery convictions were obtained in violation of the protection against double jeopardy, because the separate counts for which he was convicted involved only a single transaction occurring at the

2

same time and place; and (4) that he was denied effective assistance of counsel. *See Young v. Mitchem, et al.*, Civil Action No. 1:05cv247-MHT, *Doc. No. 1*. On August 22, 2005, this court denied and dismissed Young's habeas petition with prejudice, finding it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d). *See id., Doc. Nos. 11, 18, 21, and 22*.

Young pursued no other legal remedies until June 2013, when he filed a second state Rule 32 petition, in which he asserted a double jeopardy claim premised—much like his instant § 2254 petition—on the claim that the jury "twice convicted" him of robbing Ernest Brown. *See Doc. No. 13-1* at 7–21. The trial court denied Young's second Rule 32 petition, and Young appealed. In September 2013, the Alabama Court of Criminal Appeals affirmed the trial court's judgment, finding that Young's double jeopardy claim lacked merit. *See Doc. No. 13-2*.

Young filed a second 28 U.S.C. § 2254 in this court on April 1, 2014, presenting essentially the same double jeopardy claim he presented to the state courts in his second Rule 32 petition. *See Young v. Jones, et al.*, Civil Action No. 1:14cv241-MHT, *Doc. No. 1*. On April 28, 2014, this court dismissed that § 2254 petition under the provisions of 28 U.S.C. § 2244(b)(3)(A), because Young failed to obtain the required permission from the Eleventh Circuit Court of Appeals to file a second or successive habeas petition. *See id., Doc. Nos. 5, 7, and 8*.

In May 2014, Young applied to the Eleventh Circuit seeking permission to file a second or successive habeas petition presenting his double jeopardy claim. *Court of Appeals Case No. 14-12203*. In his application, Young alleged that he only recently discovered Ernest Brown was the unidentified person mentioned in the first indictment and that he could not have discovered this fact earlier because the first indictment was misleading and did not give him adequate notice of the identity of the unnamed victim. On June 3, 2014, the Eleventh Circuit granted Young's application and authorized him to file this successive petition, finding Young had made a prima

facie showing satisfying the new-evidence requirements of 28 U.S.C. § 2244(b)(2)(B). Young filed the instant § 2254 petition on June 11, 2014. *See Doc. No. 1* at 15.

### III.  DISCUSSION

#### A.  Standard of Review

Under the controlling statute, 28 U.S.C. § 2244(b)(2)(B), a state prisoner may raise a new claim in a second or successive habeas petition in federal district court *only* if a three-judge panel of a United States Court of Appeals first determines that the application makes a prima facie showing that:

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B)(i) and (ii).

A "prima facie showing" of these requirements is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997) (cited in *In re Holladay*, 331 F.3d 1169, 1173–74 (11th Cir. 2003)). Unlike the court of appeals panel making the prima facie decision, the district court

> has access to the record, has an opportunity to inquire into the evidence, and usually has time to make and explain a decision about whether the petitioner's claim truly does meet the § 2244(b) requirements. The statute puts on the district court the duty to make the initial decision about whether the petitioner meets the § 2244(b) requirements—not whether he has made out a prima facie case for meeting them, but whether he actually meets them.

*Jordan v. Sec'y, Dep't of Corr.,* 485 F.3d 1351, 1358 (11th Cir. 2007).

#### B.  Analysis

Young was tried and convicted in a single trial of two counts of first-degree robbery, each count alleged in a separate indictment. Young argues that one of the robbery convictions must be set aside because the jury twice considered, and twice convicted him of, a charge that he robbed one of the two robbery victims, specifically, Ernest Brown. *Doc. No. 2* at 1–4. Young maintains he was tried under a first indictment charging him with the robbery of David Hogg "and another person present," who was not identified in the indictment, and a second indictment charging him with the robbery of Brown. *Id*. at 1–2. According to Young, he "recently discovered" Brown was the unidentified "[ ]other person present" mentioned in the first indictment. *Id.* at 2. He argues his conviction under the first indictment was therefore based on a jury finding holding him responsible for robbing *both* Hogg and Brown; this, he says, rendered his conviction and sentence under the second indictment, which named Brown as the victim, a double punishment for robbing Brown, in violation of the protection against double jeopardy. *Id.* at 1–5. Young seems to suggest he did not discover the factual basis for this claim earlier because the first indictment did not give him adequate notice of the identity of the unnamed victim. *Id.* at 2–3.

### 1. *Robbery Indictments and Trial Evidence*

In making his claim, Young misstates the language of the first indictment, which did not, as Young asserts, charge him with the robbery of Hogg *and* another person present; rather, the indictment charged Young with the robbery of Hogg *or* another person present. *Doc. No. 19-1* at 21. While this may seem like a minor distinction, the indictment's reference to the unidentified other person in the alternative undercuts Young's argument that a guilty verdict under the first indictment required the jury to find him guilty of robbing Hogg *and* another person, who Young says was Brown.

The court quotes the robbery indictments:

5

[First Indictment]

  Marcus Young[,] whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of a wallet containing U.S. currency and credit cards, the property of David Hogg, use force or threaten the imminent use of force against the person of David Hogg, or another person present, with the intent to overcome his physical resistance or physical power of resistance or to compel acquiesce to the taking of or escaping with the property, while the said Marcus Young was armed with a deadly weapon or dangerous instrument, to-wit: a 25 caliber handgun, in violation of 13A-8-41 of the Code of Alabama, against the peace and dignity of the State of Alabama.

*Doc. No. 19-1* at 21.

\*\*\*\*

[Second Indictment]

  Marcus Young[,] whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of U.S. currency, the property of Ernest Brown, use force or threaten the imminent use of force against the person of Ernest Brown, with the intent to overcome his physical resistance or physical power of resistance or to compel acquiesce to the taking of or escaping with the property, while the said Marcus Young was armed with a deadly weapon or dangerous instrument, to-wit: 25 caliber handgun, in violation of 13A-8-41 of the Code of Alabama, against the peace and dignity of the State of Alabama.

*Doc. No. 19-1* at 23.

  The State's evidence at trial showed that on the evening of July 23, 1994, Young approached Hogg and Brown as the two men were talking in a parking lot near a Dothan law office and robbed the men at gunpoint, taking from Hogg his wallet containing money and credit cards and taking from Brown cash that he was carrying in his pocket. *See Doc. No. 19-1* at 136–264. The State presented the case as two robberies, charged in two indictments, with one robbery committed against Hogg and one robbery committed against Brown. No evidence was presented to indicate someone other than Hogg and Brown had been robbed.

  Following the presentation of all the evidence and before the jury was instructed on the law, the trial court read the indictments to the jury (as it had before presentation of the evidence)

and informed jurors that the elements of the two charged robberies were basically the same, except that the victim under the first indictment was David Hogg while the victim under the second indictment was Ernest Brown. *Doc. No. 19-2* at 16–17. Finally, after the jury was charged and was set to begin deliberations, the trial court advised jurors they were being provided with verdict forms for each charged robbery and that the verdict form for the robbery alleged in the first indictment "has to do with the victim of David Hogg" while the verdict form for the second indictment concerned "the alleged robbery in the first degree of Ernest Brown." *Id*. at 44–45.

### 2. § 2244(b)(2)(B)(i)

As already noted, Young asserts in the instant § 2254 petition that Ernest Brown was the unidentified "[ ]other person present" mentioned in the first indictment, and he claims he only recently discovered this fact. *Doc. No. 2* at 2. Because Young is proceeding on a new-evidence claim, § 2244(b)(2)(B)(i) requires that he demonstrate the factual predicate for his claim "could not have been discovered previously through the exercise of due diligence."[4] Young does not meet this burden.

First, Young does not establish that Brown was the unidentified person mentioned in the first indictment. He merely asserts this as a "fact." He does not indicate with particularity when he discovered this fact, other than to say he did so "recently." He gives no indication *how* he came

---

[4] Under § 2244(b)(2)(B)(i), a petitioner fails to show due diligence regarding a claim by omitting that claim from his initial habeas petition, provided the claim's factual predicate was known or reasonably discoverable at the time. *See Babbitt v. Woodford*, 177 F.3d 744, 746-47 (9th Cir. 1999). "What matters under § 2244(b)(2)(B)(i) is whether [the petitioner], with the exercise of due diligence, could have discovered those facts at the time he filed his first federal habeas petition." *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1359 (11th Cir. 2007). The test for due diligence is a "demanding" one. *Bible v. Schriro*, 651 F.3d 1060, 1064 (rejecting argument that § 2244(b)(2)(B)(i) was satisfied by allegations of changes in the defense team, a complex record, and a focus on other appeal tactics, because such matters would not establish that the factual predicate for a claim "could not have been discovered" earlier with diligence).

to discover this fact, and he fails to specify the source of any new information upon which he bases his claim. Even if Brown indeed was the unidentified person mentioned in the first indictment, Young points to nothing that took place after the indictment issued—and certainly nothing after he filed his first § 2254 petition—that revealed the identity of the unnamed person.

Young provides no legitimate justification for why he could not have earlier obtained the information upon which he bases his claim. Notwithstanding Young's contrary assertion, there is nothing so misleading about the first indictment that Young could not have determined, from the time of trial, the identity of the unidentified person if he was unsure whom he was charged with robbing under that indictment or was concerned he would have to defend against an allegation that someone besides Hogg was the victim in that indictment. The factual predicate for Young's claim was no less discoverable when the indictment issued than it was at all times thereafter. This is because Young's claim is not predicated, as he maintains, on newly discovered evidence. Rather, it is a new *theory* of the evidence, a new legal argument based on matters known or knowable from the start, i.e., the surplusage in the first indictment. "Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence." *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003). Because Young's instant claim is not based on a factual predicate that could not have been discovered previously through the exercise of due diligence, as required by § 2244(b)(2)(B)(i), his petition should be dismissed under § 2244(b)(4).[5]

### 3.  *§ 2244(b)(2)(B)(ii)*

Because Young's failure to meet his burden under § 2244(b)(2)(B)(i) precludes relief in this case, a discussion whether he meets his burden under § 2244(b)(2)(B)(ii) by establishing actual

---

[5] Section § 2244(b)(4) provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4).

innocence would not change the court's conclusion that his successive § 2254 petition should be dismissed. However, the court will briefly address that issue as well. There are serious questions whether a claim of actual innocence based on an alleged double jeopardy violation can result in the showing of factual innocence necessary to sustain an actual-innocence claim, particularly under § 2244(b)(2)(B)(ii), which, because it requires "clear and convincing evidence," is even stricter than the standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *See Cooper v. Woodford*, 358 F.3d 1117, 1117 (9th Cir. 2004); *Jordan*, 485 F.3d at 1359. The Supreme Court has stressed that "actual innocence" means factual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, even if Young's double jeopardy claim is meritorious (which the court does not find), this would show, at most, legal innocence and would not call into question the jury determinations finding him guilty of the robberies charged in the two indictments. *See, e.g., Steele v. Young*, 11 F.3d 1518, 1522 & n.8 (10th Cir. 1993) (holding that double jeopardy claim not supplemented by claim of factual innocence bars federal habeas review and noting that even if petitioner prevailed on the merits of his double jeopardy claim he would not show factual innocence; rather, "[d]oing so would show only 'legal innocence' of part of his conviction"); *Wallace v. Lockhart*, 12 F.3d 823, 826–27 (1994) (habeas petitioner convicted in state court of felony murder and underlying felony of kidnapping and presenting defaulted claim that kidnapping conviction violated double jeopardy did not come within the fundamental-miscarriage-of-justice exception because he did not show his factual innocence of the kidnapping offense). Young does not demonstrate his factual innocence of the robbery charged in either the first indictment (naming Hogg and referring, alternatively, to an unidentified other person) or the second indictment (naming Brown). The State presented abundant evidence that he robbed both Hogg and Brown. Thus, he falls short of meeting the requirements of § 2244(b)(2)(B)(ii), as well as those in § 2244(b)(2)(B)(i).

### *4.   Merits of Double Jeopardy Claim*

Finally, based on a review of the indictments and the state court record, this court finds no merit in Young's double jeopardy claim.  Ernest Brown was clearly identified as the robbery victim in the second indictment.  As noted above, the first indictment charged Young with the robbery of David Hogg *or* another person present.  Thus, a jury finding that Young robbed only Hogg would support a conviction under the first indictment.  As also noted above, the State presented the case as two robberies, one robbery committed against Hogg, as charged in the first indictment, and one robbery committed against Brown, as charged in the second indictment.  The trial court's jury charge and the verdict forms provided to jurors clearly divided the case along these lines.  Notwithstanding the surplusage in the first indictment referring to another person present, Young was not, as a practical matter, put in the position of having to defend against an allegation that anyone other than Hogg was the robbery victim under the first indictment or that anyone other than Brown was the robbery victim under the second indictment.  Likewise, an examination of the record supports the conclusion that the guilty verdict under the first indictment was not based on a jury finding that Brown was the victim (even if in the alternative) under that count.  Thus, there is no danger that in finding Young guilty of robbing Brown under the second indictment, the jury twice convicted Young of robbing Brown.  Consequently, Young fails to demonstrate that his robbery convictions violate the Double Jeopardy Clause.  He has shown no constitutional error in his case.

### IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Young's successive § 2254 petition be dismissed under 28 U.S.C. § 2244(b)(4) because Young has failed to satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 14, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)..

DONE this 31st day of March, 2017.

       /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE