IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS CHRISTOPHER YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:14-CV-630-WKW |
| | ) | [WO] |
| KARLA JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Marcus Young was indicted for two counts of first-degree robbery after he mugged two men at gunpoint in 1994. Each count was alleged in a separate indictment, one for the first victim (the "first indictment") and another for the second victim (the "second indictment"). A jury convicted him on both counts in 1996. His habeas petition challenges the first indictment, arguing that (1) it was defective (for a reason to be explained), and (2) the defect caused the state to convict him twice for the same crime, thereby violating the Double Jeopardy Clause of the Fifth Amendment.

On March 31, 2017, the Magistrate Judge filed a Recommendation, to which Young timely[1] objected. (Docs. # 21, 22.) Upon an independent and *de novo* review

---

[1] "[A] *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the

of the record and consideration of the Recommendation, Young's petition is due to be denied and this case dismissed with prejudice.

Young's objection incorrectly asserts that the Recommendation does not address his defective indictment claim. (Doc. # 22 ("[T]he Magistrate Judge claims that Young's *only* claim is one of Double Jeopardy . . .").) In fact, the Recommendation addresses both claims by refuting the factual basis on which both rely. Each of Young's arguments depends on the same assertion: that Young's first indictment violates his rights by charging him with robbery of the named victim *and* "another person present," yet it fails to identify that other person. (Doc. # 2, at 1.) For the Double Jeopardy claim, Young declares that this other person was, in fact, the second victim, for whose robbery he was separately charged in the second indictment. Thus, by referring to the second victim as "another person" in the first indictment, the state charged him twice for the same crime. The defective indictment claim reframes the same factual allegation into a different legal claim. Under this theory, the indictment was impermissibly ambiguous—again, by not identifying the "[ ]other person" to whom it referred—and thus it failed to "inform [him] of the specific offense, coming under the general description, with which he is charged." (Doc. # 22, at 2 (citing *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir.

---

date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Here, although the court received Petitioner's objection 10 days late, it was signed on April 14, 2017 (Doc. # 22), the date on which objections were due (Doc. # 21).

2006).) Central to both claims is the factual premise that the first indictment refers to a separate person with whose robbery Young was charged and whose identity he claims he recently discovered to be the victim named in the second indictment.

What Young glosses over is the fact that the first indictment did not purport to charge him with robbing the first victim *and* another person; it charged him with robbing the first victim *or* another person. (Doc. # 21, at 6 ("Marcus Young . . . use[d] force or threaten[ed] the imminent use of force against the person of David Hogg, *or another person present*, with the intent to overcome his physical resistance . . . .") (emphasis added).) The disjunctive, rather than conjunctive, phraseology reveals an inescapable truth: The crime with which the first indictment charges Young, for which the state produced evidence, and on which the jury convicted him, was the robbery of David Hogg—*and no one else*. Thus, Young was not charged twice for the same crime, and the first indictment was not defectively vague. In fact, the legal issue conjured up by Young evaporates upon a simple reading of the first indictment. By pointing out Young's mistaken reading, the Magistrate Judge adequately addressed both claims and correctly recommended dismissal. (Doc. # 21, at 10.)

For this reason, Young's petition is frivolous. But even if it were not, Young would still lose because he makes no attempt to show that "the factual predicate for the claim" (here, the alleged identity of the other person in the indictment) "could

not have been discovered previously through the exercise of due diligence," as required of successive habeas petitioners under 28 U.S.C. § 2244(b)(2)(B)(i).

For the foregoing reasons, and for those articulated in the Recommendation, it is ORDERED that:

1. The Recommendation (Doc. # 21) is ADOPTED;

2. Young's successive 28 U.S.C. § 2254 habeas petition (Doc. # 1) is DENIED for failure to satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B); and

3. Young's petition (Doc. # 1) is DISMISSED with prejudice under 28 U.S.C. § 2244(b)(4).

A final judgment will be entered separately.

DONE this 26th day of April, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE